**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IDRISSA SANKOH <br> 815 Springfield Road <br> Aldan, PA 19018 <br>                        Plaintiff <br>    v. <br><br> THE ELWYN FOUNDATION dba ELWYN <br> 111 Elwyn Road <br> Elwyn, PA 19063 <br><br>         and <br><br> LIFE INSURANCE CO. OF NORTH AMERICA <br>  dba New York Life Group Benefit Solutions <br> 1600 Arch Street <br> Philadelphia, PA 19103 <br><br>         and <br><br> NEW YORK LIFE GROUP INSURANCE CO. OF <br>  NY dba New York Life Group Benefit Solutions <br> 51 Madison Avenue <br> New York, NY 10010 <br>                        Defendants | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, Idrissa Sankoh, is an adult male individual who alleges by and through his attorneys, The Derek Smith Law Group, PLLC, that The Elwyn Foundation dba Elwyn, and/or Elwyn's third party administrator doing business as New York Life Group Benefit Solutions, interfered with and/or retaliated against Plaintiff with regard to Plaintiff's right to take leave of absence under the Family and Medical Leave Act, 29 U.S.C.A. §2601, *et. seq.*("FMLA"). In support thereof, Plaintiff alleges and avers:

**Parties**

1. Plaintiff, Idrissa Sankoh, is an adult male individual who at all times relevant resided at the above captioned address and was employed by The Elwyn Foundation.

2. Defendant, The Elwyn Foundation dba Elwyn, is a non-profit entity and/or organization duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above captioned address, and at all times relevant was the employer of Plaintiff. Defendant Elwyn utilized Life Insurance Company of North American and/or New York Life Group Insurance Company of NY, both of which did business as New York Life Group Benefit Solutions, as a third-party administrator, for employee leaves of absence under the FMLA. Defendant Elwyn has a registered agent at 111 Elwyn Road, Elwyn, PA 19063.

3. Defendant, Life Insurance Company of North America dba New York Life Group Benefits Solutions, is an entity or organization duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at the above captioned address. Defendant Life Insurance Company administered leaves of absence for Defendant Elwyn employees during all times relevant to this litigation. Defendant Life Insurance Company has a registered agent at 1600 Arch Street, Philadelphia, PA 19103.

4. Defendant, New York Life Group Insurance Company of NY dba New York Life Group Benefits Solutions, is an entity or organization duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at the above captioned address. Defendant New York Life Group Insurance administered leaves of absence for Defendant Elwyn employees during all times relevant to this litigation.

5. Defendants, The Elwyn Foundation, Life Insurance Company of North America, and New York Life Group Insurance Company of NY, (hereinafter referred to jointly and/or

individually as "Defendants") agreed, accepted, acquiesced, adopted, and/or was otherwise were bound by the actions, omissions, and conduct of its/their owners, officers, managers, supervisors, employees, and agents.

## Jurisdiction and Venue

6. This Court maintains subject matter jurisdiction under Federal Question Jurisdiction, 28 USCA §1331 related to Plaintiff's Family Medical Leave Act, 29 U.S.C.A. §2601, *et. seq.*("FMLA") claim.

7. Venue is appropriate as Defendants reside and/or all acts and omissions giving rise to this litigation occurred in the Eastern District (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

## Summary of Facts

8. Plaintiff, Idrissa Sankoh, was a full-time and continuous employee of Defendant Elwyn from around March of 2010 through February 24, 2023, and as of the time of his separation was earning $21.00 an hour.

9. Plaintiff informed Defendants of his need for FMLA leave and was approved for a continuous leave of absence under the FMLA beginning December 29, 2022 to care for a parent with a serious health condition. 29 USC §2612(a)(1)(C).

10. Plaintiff's mother had Typhoid fever and his dad had a prostate sickness.

11. This was Plaintiff's first request and approval for FMLA, during his employment.

12. Plaintiff had 1250 hours of work in the 12 months preceding his leave request, and thus was entitled to 60 days, 12 weeks, and/or 480 hours of leave.

13. Plaintiff's leave was initially approved from December 29, 2022 through January 28, 2023.

14. As Plaintiff was approved for FMLA beginning December 29, 2022, he was actually eligible for full continuous leave through March 16, 2023.

15. While Plaintiff was in Sierra Leone caring for his parents, he was required to extend his FMLA leave to further care for his sick parent(s).

16. Plaintiff emailed his direct supervisor, Kiara Gattis, and Noah Koita, on January 26, 2023 the following:

> *Good day boss,*
> *I am extending my vacation to February 23rd, will start work on the 24th February. I decided to spend more time with my mother and Father as both of them are sick but the God for their lives. Thanks very much for your understanding.*

17. Plaintiff's email was appropriate and proper for putting Defendants on notice of his need for FMLA qualifying leave and/or extended leave.

18. On February 24, 2023 Plaintiff returned to work but was informed that he had been terminated.

19. Defendants claim Plaintiff was a no-call no-show.

20. Defendants failed or refused to extend Plaintiff's FMLA leave.

21. Defendants retaliated against Plaintiff by terminating him and/or not keeping his position available, and thus violated Plaintiff's federal rights.

## COUNT ONE
### Interference in violation of FMLA
*Family Medical Leave Act "FMLA", 29 USCA 2601 et. seq.*
### Plaintiff v. Defendants

22. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

23. Defendants is/are covered employer(s) under the FMLA as it/they is/are engaged in commerce and/or in an industry or activity affecting commerce and employ(s) 50 or more

employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

24. Alternatively, Defendants is/are a covered employer because it/they employ(s) 50 or more employees within a 75-mile range of the worksite, for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

25. Defendants Life Insurance Company and/or New York Life Group Insurance Administered Defendant Elwyn's FMLA leave and thus is an employer and/or otherwise responsible for Defendant Elwyn's compliance with FMLA and federally protected rights.

26. Plaintiff was an eligible employee for FMLA because he had worked for Defendants for 12 or more months and had worked more than 1250 hours in the preceding year.

27. Plaintiff was eligible for FMLA because he had a biological parent with a serious health condition, and he needed to care for this/his parent(s). 29 USC §2612(a)(1)(C).

28. Plaintiff put Defendants on notice of his need for leave or extended leave.

29. Defendants interfered as (1) Plaintiff was eligible for benefits under the FMLA, (2) Defendants is an employer, (3) Plaintiff was entitled to leave under the FMLA, (4) Plaintiff gave Defendants notice of his need for leave, and (5) the Defendants denied Plaintiff FMLA leave.

30. Specifically, Plaintiff gave proper notice of the need for FMLA qualifying leave and extended FMLA qualifying leave, and Defendants denied Plaintiff the entirety of his leave, failed and/or refused to consider his request, and/or otherwise denied Plaintiff his federally protected rights by having terminated Plaintiff and not keeping his job available.

31. Defendants violated FMLA rules, which constituted an interference.

32. The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of liquidated damages.

33. As a direct and proximate result of Defendants' interference and wrongful termination of Plaintiff, Plaintiff has been deprived economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses.

34. Plaintiff demands favorable judgment against Defendants for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendants and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

35. In terminating Plaintiff, Defendants considered his leave of absence under the FMLA and thus under mixed-motive, Plaintiff is entitled to attorney's fees.

36. Plaintiff seeks re-employment as a form of relief under the FMLA.

WHEREFORE, Plaintiff, Idrissa Sankoh, demands judgment against Defendants, The Elwyn Foundation, Life Insurance Company of North America, and/or New York Life Group Insurance Company of NY, for compensatory damages, equitable relief, liquidated damages, costs of litigation, and all other relief the Court deems equitable and just.

### COUNT TWO
### Retaliation in violation of FMLA
*Family Medical Leave Act "FMLA", 29 USCA 2601 et. seq.*
**Plaintiff v. Defendants**

37. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

38. Defendants retaliated against Plaintiff in violation of the FMLA as (1) Plaintiff took FMLA leave, (2) he suffered adverse employment decision(s), and (3) the adverse decision(s) was/were casually related to his leave.

39. Defendants retaliated against Plaintiff for taking FMLA leave by terminating him.

40. Defendants retaliated against Plaintiff by having replaced Plaintiff before his return from leave, and not keeping Plaintiff's position open and available through the end of his leave.

41. The temporal proximity of Plaintiff's approval and use of FMLA and the foregoing disparate treatment and/or termination are unusually suggestive of retaliation and raise a presumption that Plaintiff's termination was/were causally related to his leave.

42. Defendants' conduct of hiring a replacement and further conduct support and raise an inference that Plaintiff's termination was causally related to his approval for FMLA leave.

43. The acts mentioned above were willful, wanton, malicious, reckless, oppressive, and justify the award of liquidated damages.

44. As a direct and proximate result of Defendants' retaliation, Plaintiff has been deprived of economic benefits including, but not limited to, lost wages, lost back pay, lost front pay, medical bills, and out-of-pocket expenses.

45. Plaintiff demands favorable judgment against Defendants for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendants and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

46. In terminating Plaintiff, Defendants considered his leave of absence under the FMLA and thus under mixed-motive, Plaintiff is entitled to attorney's fees.

47. Plaintiff seeks re-employment as a form of relief under the FMLA.

WHEREFORE, Plaintiff, Idrissa Sankoh, demands judgment against Defendants, The Elwyn Foundation, Life Insurance Company of North America, and/or New York Life Group

Insurance Company of NY, for compensatory damages, equitable relief, liquidated damages, costs of litigation, and all other relief the Court deems equitable and just.

                                DEREK SMITH LAW GROUP, PLLC

                                *[signature]*

                                _____
                                CHRISTOPHER J. DELGAIZO, ESQUIRE
                                Attorney for Plaintiff

                                *Attorney I.D. No. 200594*
                                1835 Market Street, Suite 2950
                                Philadelphia, PA 19103
                                T: 215-391-4790
                                Fax: 215-501-5911
                                Email: Chris@dereksmithlaw.com

Date: June 16, 2023